Nov. Term, 1861.

Brown
v.
Shearon.

Wednesday, December 4.

———————

BROWN v. SHEARON.

An amended paragraph was filed to an answer while the jury was being empanneled, and was not brought to the attention of the opposite party until the evidence had been heard. The plaintiff, by leave of the Court, then filed a reply to the answer, the jury were re-sworn, and the evidence again heard.

*Held,* that there was no error in permitting the filing of the reply.

In an affidavit for the continuance of a cause, on account of the absence of a witness, the defendant attempted to excuse his want of diligence, by showing that the note sued on was given for a balance found by the witness, as an accountant, to be due the plaintiff on the dissolution of a

Nov. Term, 1861.

Brown
v.
Shearox.

co-partnership, and that a mistake occurred in such accounting, which the witness could not ascertain without an examination of the books, and that he had not had time to do so, &c.

*Held*, that the affidavit did not show a valid excuse for the failure to procure the attendance of the witness.

In a proceeding for the foreclosure of a mortgage, the original mortgage was filed with the complaint, but was not given in evidence to the jury. After a verdict for the plaintiff, the Court entered a decree of foreclosure, &c.

*Held*, that after the jury had found the amount due to the plaintiff upon the mortgage, it was the duty of the Court, if the evidence warranted it, and the party desired it, to order the foreclosure, and for that purpose the mortgage was before the Court.

Thursday, December, 5.

APPEAL from the *Wayne* Circuit Court.

HANNA, J.—Suit on a note, and to foreclose a mortgage. An answer was filed consisting of seven paragraphs; to the fourth of which, a demurrer was sustained, and leave taken to amend the same. The amendment was not filed until the jury was being empanneled, and was not brought to the attention of the Court and opposite party until the evidence had been heard; it was then insisted that the trial had been had without an issue as to that paragraph. The record of the clerk states, that, on leave, a replication was then filed; a bill of exceptions shows, in connection with other parts of the record, that it was a denial. The pleading copied in the record by the clerk as a reply to said fourth paragraph, is a demurrer.

It is now urged, that there was, as to the said fourth paragraph, a trial without an issue of fact, and while an issue of law was pending thereon; and if not, that it was error to permit the plaintiff to file the reply at the time it was filed.

We think it sufficiently appears that a reply in denial was filed, and that it was not an issue of law tendered. We see no error in the Court permitting said filing at the time. The jury were re-sworn, and the evidence again heard.

If permitting the completion of the issue, and causing the trial to then proceed upon it, would injure the defendant, he should have, in a proper manner, brought that fact to the attention of the Court.

Before trial, a motion was made for a continuance to

procure the attendance of one *Dennis* as a witness. It is not shown that any diligence had been used to procure his attendance. This apparent neglect is attempted to be excused in consequence of the circumstances of the case. The note was alleged, in the answer, to have been executed to secure the amount found due by said *Dennis*, as an accountant, from one party to the other, upon the dissolution of a partnership; and that a mistake occurred in said accounting and settlement, which is pleaded, &c. It is stated in the affidavit, that the witness would have to examine the books and accounts, before he could testify as to such mistake, and that he had not had time to do so, &c.

We do not think this is a valid excuse for the failure to procure his attendance. Upon the alleged item of mistake being brought to his notice, he might have been prepared to testify; if not, he could, under the direction of the Court, have made an examination. Perhaps, if he could not testify without such examination, the party desiring his evidence could not in any other way compel the same, and thus be prepared to avail himself of the evidence.

There was a judgment for the amount of the note, and for a foreclosure of the mortgage. The record purports, in a bill of exceptions, to contain the evidence. The mortgage is not in the bill, as a part of said evidence. The original mortgage, it is averred, was filed with, and as a part of, the complaint.

It is now insisted, that the decree of foreclosure is erroneous because the jury did not find upon that point, and because the mortgage does not expressly appear to have been given in evidence.

The jury found the amount due; and upon that, it was the duty of the Court, if the evidence warranted it, and the party desired it, to order the foreclosure. We are of opinion, that for that purpose, the mortgage was before the Court in a form that authorized its consideration.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*W. A. Bickle* and *C. H. Burchenal*, for the appellants.
*H. B. Payne*, for the appellee.